| | |
|---|---|
| STATE OF INDIANA ) | IN THE ST. JOSEPH SUPERIOR/CIRCUIT COURT |
| ) | |
| ST. JOSEPH COUNTY ) | CAUSE NO. 71D07-1208 CT 00205 |

SAM CALOBRACE )
4211 IRISH HILLS, APT. 3A )
SOUTH BEND, INDIANA   46614 )
    Plaintiff )
)
)
vs. )
)
THE CITY OF SOUTH BEND )
227 W. JEFFERSON BLVD. )
1400 COUNTY-CITY BUILDING )
SOUTH BEND, IN 46601 )
)
AND )
)
THE CITY OF SOUTH BEND )
POLICE DEPARTMENT )
701 WEST SAMPLE STREET )
SOUTH BEND, IN 46601 )
)
AND )
)
OFFICER MARK SZWEDA )
C/O THE CITY OF SOUTH BEND )
POLICE DEPARTMENT )
701 WEST SAMPLE STREET )
SOUTH BEND, IN 46601 )
)
AND )
)
OFFICER BRIAN MEADOR )
C/O THE CITY OF SOUTH BEND )
POLICE DEPARTMENT )
701 WEST SAMPLE STREET )
SOUTH BEND, IN 46601 )
)
AND )
)
FORTNEY HOSPITALITY GROUP )
D/B/A BROTHERS BAR & GRILL )
C/O JEFF MCKEAN, REGISTERED AGENT )
9105 E 56TH ST STE 317 )
HARRISON CENTRE )

- FILED -

AUG 3 0 2012

             Clerk
St. Joseph Superior Court

1

| | |
|---|---|
| INDIANAPOLIS , IN 46216 | ) |
| | ) |
| AND | ) |
| | ) |
| ALLISON FRAME | ) |
| c/o BROTHERS BAR & GRILL | ) |
| 1234 N EDDY STREET SUITE 125 | ) |
| SOUTH BEND, IN 46617 | ) |
|         Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Sam Calobrace, and for his Complaint against The City of South Bend, the City of South Bend Police Department, Officer Mark Szweda, Officer Brian Meador, Fortney Hospitality Group d/b/a Brothers Bar & Grill, and Allison Frame, states as follows:

### FACTS COMMON TO ALL COUNTS

1. Sam Calobrace ("Calobrace") is a resident of St. Joseph County, and has been at all times relevant to this matter.

2. The City of South Bend ("City") is an incorporated city located entirely within the boundaries of St. Joseph County, Indiana.

3. The City of South Bend Police Department is a law enforcement agency serving the City of South Bend ("Police Department").

4. Upon information and belief, Officer Mark Szweda ("Officer Szweda") is a police officer with the Police Department.

5. Upon information and belief, Officer Brian Meador ("Officer Meador") is a police officer with the Police Department.

2

6. Upon information and belief, Fortney Hospitality Group is a Wisconsin corporation that is licensed to do business in Indiana, and that does business in the City of South Bend as "Brothers Bar & Grill" ("Brothers").

7. Upon information and belief, Allison Frame ("Frame") was the manager of the Brothers location on Eddy Street at all times relevant to this Complaint.

8. On or about March 13, 2012, Calobrace was eating and drinking at the Brothers' location at 1234 N. Eddy Street, South Bend, IN 46617.

9. Calobrace had given his credit card to the server in order to pay for his own drinks.

10. When his tab arrived, Calobrace realized that several drinks which had been ordered by another individual had all been placed on his tab and run on his credit card.

11. Calobrace protested the charge, to no avail, refused to sign the charge slip, and asked to speak to the manager.

12. Calobrace was told the manager who handles such complaints would return the next day, and Calobrace informed the on-duty manager that he would call Brothers to discuss.

13. Upon information and belief, the on-duty manager that evening was Frame.

14. Upon leaving Brothers, Calobrace was confronted by three individuals who refused to allow him access to his car.

15. Upon information and belief, one of these individuals was off-duty police Officer Szweda.

16. While Officer Szweda informed Calobrace that he was an off-duty officer, he was not in uniform, did not tell Calobrace his name, and did not present a badge for Calobrace's inspection.

17. Officer Szweda informed Calobrace that he was to wait until a uniformed police officer arrived.

18. When the uniformed police officer arrived, he spoke first to Officer Szweda, then to Frame, who informed the uniformed officer that Calobrace had not paid his bill.

19. Upon information and belief, the uniformed police officer was Officer Meador.

20. Without attempting to interview Calobrace, Officer Meador arrested Calobrace, failed to read Calobrace his rights, and took him to the police station.

21. Calobrace showed Officer Meador the charge slip evidencing payment, which Officer Meador ignored.

22. Despite the evidence of the charge slip, Calobrace spent over twelve (12) hours imprisoned against his will before he bonded out of prison.

23. The charges against Calobrace were later dismissed when it was discovered that he had indeed paid his bill.

24. Upon information and belief, Brothers later reversed the charges on Calobrace's credit card.

### COUNT I – FALSE IMPRISONMENT / FALSE ARREST AND VIOLATION OF 42 U.S.C. § 1983 RIGHTS (OFFICER SZWEDA)

25. Calobrace hereby restates each allegation set forth in paragraphs 1 – 24 of this Complaint and reincorporates them fully by reference.

26. By preventing Calobrace from reaching his vehicle, and forcing him to wait until Officer Meador arrived, Officer Szweda restricted Calobrace's freedom of movement, thus arresting Calobrace.

27. Officer Szweda failed to investigate the situation when he had a duty to do so.

28. Officer Szweda should have released Calobrace when presented with evidence that Calobrace had paid his tab.

4

29. By failing to investigate and ignoring the evidence presented by Calobrace, Officer Szweda failed to discover that he had no probable cause to hold Calobrace.

30. In arresting Calobrace without probable cause, Officer Szweda committed false arrest and false imprisonment.

31. By falsely arresting and falsely imprisoning Calobrace, Officer Szweda deprived Calobrace of his rights, giving rise to a remedy under 42 U.S.C. § 1983.

### COUNT II – FALSE IMPRISONMENT / FALSE ARREST AND VIOLATION OF 42 U.S.C. § 1983 RIGHTS
### (OFFICER MEADOR)

32. Calobrace hereby restates each allegation set forth in paragraphs 1 – 31 of this Complaint and reincorporates them fully by reference.

33. Officer Meador had a duty to investigate the situation upon his arrival, and failed to investigate the situation.

34. By failing to investigate and ignoring the evidence presented by Calobrace, Officer Meador failed to discover that he had no probable cause to hold Calobrace.

35. In arresting Calobrace without probable cause, Officer Meador committed false arrest and false imprisonment.

36. By falsely arresting and falsely imprisoning Calobrace, Officer Meador deprived Calobrace of his rights, giving rise to a remedy under 42 U.S.C. § 1983

### COUNT III – FALSE IMPRISONMENT / FALSE ARREST AND VIOLATION OF 42 U.S.C. § 1983 RIGHTS
### (CITY AND POLICE DEPARTMENT)

37. Calobrace hereby restates each allegation set forth in paragraphs 1 – 36 of this Complaint and reincorporates them fully by reference.

38. The Police Department and the City are responsible for Officer Szweda's and Officer Meador's actions, under theories of *respondeat superior* or negligent supervision.

39. In holding Calobrace for over twelve (12) hours when there was no cause to do so, the City and the Police Department committed false arrest and false imprisonment.

40. In forcing Calobrace to obtain a bond in order to leave his imprisonment when there was no cause to do so, the City and Police Department materially damaged Calobrace.

41. In forcing Calobrace to obtain an attorney to fight the false charges against him, the City and Police Department materially damaged Calobrace.

42. By falsely arresting and falsely imprisoning Calobrace, the City and the Police Department deprived Calobrace of his rights, giving rise to a remedy under 42 U.S.C. § 1983.

### COUNT IV – NEGLIGENCE (SZWEDA)

43. Calobrace hereby restates each allegation set forth in paragraphs 1 – 42 of this Complaint and reincorporates them fully by reference.

44. Officer Szweda had a duty to fully investigate the situation before arresting Calobrace.

45. Officer Szweda had a duty to fully investigate the situation *after* arresting Calobrace and establish probable cause or lack thereof.

46. Officer Szweda breached his duty to investigate the situation both before and after arresting Calobrace, and therefore, caused Calobrace to be falsely arrested and imprisoned for twelve (12) hours, and damaged Calobrace.

### COUNT V – NEGLIGENCE (MEADOR)

47. Calobrace hereby restates each allegation set forth in paragraphs 1 – 46 of this Complaint and reincorporates them fully by reference.

48. Officer Meador had a duty to fully investigate the situation before arresting Calobrace.

49. Officer Meador had a duty to fully investigate the situation *after* arresting Calobrace and establish probable cause or lack thereof.

50. Officer Meador breached his duty to investigate the situation both before and after arresting Calobrace; and therefore, caused Calobrace to be falsely arrested and imprisoned for twelve (12) hours, and damaged Calobrace.

### COUNT VI – NEGLIGENCE (FRAME)

51. Calobrace hereby restates each allegation set forth in paragraphs 1 – 51 of this Complaint and reincorporates them fully by reference.

52. Frame had a duty to inform Officer Szweda, Officer Meador, the City, and the Police Department that Calobrace had indeed paid his tab that evening.

53. Upon information and belief, Frame breached that duty when Frame informed both Officer Szweda and Officer Meador that Calobrace had not paid his bill.

54. Due to Frame's breach of duty, Calobrace was taken into custody by Officer Szweda and Officer Meador and eventually imprisoned.

### COUNT VII – RESPONDEAT SUPERIOR (BROTHERS)

55. Calobrace hereby restates each allegation set forth in paragraphs 1 – 54 of this Complaint and reincorporates them fully by reference.

56. Frame was acting within the scope of her employment when she informed Officer Szweda and Officer Meador that Calobrace had not paid his tab.

57. Therefore, Brothers is liable for Frame's breach and Calobrace's arrest under *respondeat superior*.

### COUNT VIII – NEGLIGENT SUPERVISION (BROTHERS)

58. Calobrace hereby restates each allegation set forth in paragraphs 1 – 57 of this Complaint and reincorporates them fully by reference.

59. Brothers has a duty to supervise and train its employees, including Frame, to properly execute payment arrangements, and properly inform police officers of actions of its patrons.

60. In failing to supervise and train Frame to execute payment arrangements and correctly inform police officers, Brothers breached that duty.

61. Because Brothers breached that duty, Frame lied to or misled Officer Szweda and Officer Meador about the status of Calobrace's payment.

62. Therefore, due to that breach, Calobrace was taken into custody, falsely arrested, and falsely imprisoned.

63. Therefore, Brothers is liable to Calobrace for damages arising out of his false arrest and imprisonment.

WHEREFORE, the Plaintiff Sam Calobrace, by counsel Jonathan A. Watson of Wandling & Associates, requests that the Court find in his favor and grant him judgment against The City of South Bend, the City of South Bend Police Department, Officer Mark Szweda, Officer Brian Meador, Allison Frame, and Brothers Bar & Grill for false imprisonment and false arrest, breach of Plaintiff Sam Calobrace's rights under 42 U.S.C. § 1983, negligence, *respondeat superior*, and negligent supervision, in an amount to be determined at trial, plus attorney's fees, court costs, and all other just and proper relief in the premises.

Dated: August 29, 2012

Signed: _____
Jonathan A. Watson (#25860-20)
Attorney for Plaintiff
224 W. Jefferson Blvd. Suite 400
South Bend, IN 46601
(574) 234-2220