UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| SAM CALOBRACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-531 |
| | ) | |
| THE CITY OF SOUTH BEND, | ) | |
| THE CITY OF SOUTH BEND | ) | |
| POLICE DEPARTMENT, | ) | |
| OFFICER MARK SZWEDA, | ) | |
| OFFICER BRIAN MEADOR, | ) | |
| FORTNEY HOSPITALITY | ) | |
| GROUP d/b/a BROTHERS | ) | |
| BAR & GRILL and | ) | |
| ALLISON FRAME, | ) | |
| | | |
| Defendants. | | |

*ANSWER OF THE DEFENDANTS, THE CITY OF SOUTH BEND, THE CITY OF SOUTH BEND POLICE DEPARTMENT, OFFICER MARK SZWEDA AND OFFICER BRIAN MEADOR AND AFFIRMATIVE DEFENSES*

Comes now the defendants, the City of South Bend, the City of South Bend Police Department, Officer Mark Szweda, and Officer Brian Meador, by counsel, who file their answer to the plaintiff's complaint as follows:

FACTS COMMON TO ALL COUNTS

1. Sam Calobrace ("Calobrace") is a resident of St. Joseph County, and has been at all times relevant to this matter.

**RESPONSE: The defendants are without adequate knowledge to admit or deny the material allegations contained in Rhetorical Paragraph No. 1, including which state the county the plaintiff claim to live in is located, and, therefore, deny the material allegations contained in Rhetorical Paragraph No. 1.**

2.  The City of South Bend ("City") is an incorporated city located entirely within the boundaries of St. Joseph County, Indiana.

**RESPONSE:  The defendants admit to the material allegations contained in Rhetorical Paragraph No. 2.**

3.  The City of South Bend Police Department is a law enforcement agency serving the City of South Bend ("Police")

**RESPONSE: The defendants admit to the material allegations contained in Rhetorical Paragraph No. 3.**

4.  Upon information and belief, Officer Mark Szweda ("Officer Szweda) is a police officer with the Police Department.

**RESPONSE:  The defendants admit to the material allegations contained in Rhetorical Paragraph No. 4.**

5.  Upon information and belief, Officer Brian Meador ("Officer Meador) is a police officer with the Police Department.

**RESPONSE:  The defendants admit to the material allegations contained in Rhetorical Paragraph No. 5.**

6.  Upon information and belief, Fortney Hospitality Group is a Wisconsin corporation that is licensed to do business in Indiana, and that does business in the City of South Bend as "Brothers Bar & Grill ("Brothers").

**RESPONSE:  The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 6, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 6.**

7. Upon information and belief, Allison Frame ("Frame") was the manager of Brothers located on Eddy Street at all times relevant to this Complaint.

**RESPONSE:  The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 7, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 7.**

8. On or about March 8, 2012, Calobrace was eating and drinking at the Brother's location located at 1234 N. Eddy Street, South Bend, Indiana 46617.

**RESPONSE:  The defendants admit that Calobrace was drinking ethanol based beverages at the Brothers located at 1234 N. Eddy Street in South Bend; however, the defendants are without adequate knowledge to admit or deny the remaining material allegations as contained in Rhetorical Paragraph No. 8, and, therefore, deny the remaining material allegations as contained in Rhetorical Paragraph No. 8.**

9. Calobrace had given his credit card to the server in order to pay for his own drinks.

**RESPONSE:  The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 9, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 9.**

10. When his tab arrived, Calobrace realized that several drinks which had been ordered by another individual had all been placed on his tab and run on his credit.

**RESPONSE: The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 10, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 10.**

11. Calobrace protested the charge, to no avail, refused to sign the charge slip, and asked to speak to the manager.

**RESPONSE: The defendants admit that they were informed that Calobrace refused to pay for his tab at Brothers on March 13, 2012; however, the defendants are without adequate knowledge to admit or deny the remaining material allegations as contained in Rhetorical Paragraph No. 11, and, therefore, deny the remaining material allegations as contained in Rhetorical Paragraph No. 11.**

12. Calobrace was told the manager who handles such complaints would return the next day, and Calobrace informed the on-duty manager that he would call Brothers to discuss.

**RESPONSE: The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 12, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 12.**

13. Upon information and belief, the on-duty manager that evening was Frame.

**RESPONSE: The defendants admit that Frame identified herself as a manager for Brother; however, the defendants are without adequate knowledge to admit or deny the remaining material allegations as contained in Rhetorical Paragraph**

No. 13, and, therefore, deny the remaining material allegations as contained in Rhetorical Paragraph No. 13.

14. Upon leaving Brothers, Calobrace was confronted by three individuals who refused to allow him access to the car.

**RESPONSE: The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 14, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 14.**

15. Upon information and belief, one of these individuals was off-duty Officer Szweda.

**RESPONSE: The defendants admit that Officer Szweda did have interaction with Calobrace outside of Brothers on March 13, 2012; however, the defendants deny the remaining allegations as contained in Rhetorical Paragraph No. 15.**

16. While Officer Szweda informed Calobrace that he was an off-duty officer, he was not in uniform, did not tell Calobrace his name, and did not present a badge for Calobrace's inspection.

**RESPONSE: The defendants admit that Officer Szweda was an off-duty officer that was not wearing his Police Department uniform; however, the defendants are without adequate knowledge to admit or deny the remaining material allegations as contained in Rhetorical Paragraph No. 16, and, therefore, deny the remaining material allegations as contained in Rhetorical Paragraph No. 16.**

17. Officer Szweda informed Calobrace that he was to wait until a uniformed police officer arrived.

**RESPONSE: The defendants do not know if the pronoun "he" in this allegation refers to Officer Szweda or Calobrace and as such, the defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 17, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 17.**

18. When the uniformed police officer arrived, he spoke first to Officer Szweda, then to Frame, who informed the uniformed officer that Calobrace had not paid his bill.

**RESPONSE: The defendants do not know if the pronoun "who" refers to Officer Szweda, Frame or both and, as such, the defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 18, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No.18.**

19. Upon information and belief, the uniformed officer was Officer Meador.

**RESPONSE: The defendants do not know if the uniformed officer is the one the plaintiff alleges arrived as stated in Rhetorical Paragraph No. 18 and, as such the defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 19, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 19.**

20. Without attempting to interview Calobrace, Officer Meador arrested Calobrace, failed to read Calobrace his rights, and took him to the police station.

**RESPONSE:  The defendants admit that Calobrace was taken to a police station but deny the remaining material allegations as contained in Rhetorical Paragraph No. 20.**

21. Calobrace showed Officer Meador the charge slip evidencing payment, which Officer Meador ignored.

**RESPONSE:  The defendants deny the material allegations as alleged in Rhetorical Paragraph No. 21.**

22. Despite the evidence of the charge slip, Calobrace spent over twelve (12) hours imprisoned against his will before he bonded out of prison.

**RESPONSE:  The defendants deny the material allegations as alleged in Rhetorical Paragraph No. 22.**

23. The charges against Calobrace were later dismissed when it was discovered that he had indeed paid his bill.

**RESPONSE:  The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 23, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 23.**

24. Upon information and belief, Brothers later reversed the charges on Calobrace's credit card.

**RESPONSE:  The defendants are without adequate knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 24, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No.  24.**

COUNT I – FALSE IMPRISONMENT/FALSE ARREST AND

VIOLATION OF 42 U.S.C. § 1983 RIGHTS

(OFFICER SZWEDA)

25.  Calobrace hereby restates each allegation set forth in paragraphs 1 – 24 of this
Complaint and reincorporates them fully by reference.

**RESPONSE:  The defendants admit that the plaintiff is restating and**
**incorporating by reference each allegation set forth in paragraphs 1 – 24 and the**
**defendants further incorporate by reference their answers to each allegation as**
**contained in paragraphs 1 – 24.**

26.  By preventing Calobrace from reaching his vehicle, and forcing him to wait until
Officer Meador arrived, Officer Szweda restricted Calobrace's freedom of
movement, thus arresting Calobrace.

**RESPONSE:  The defendants deny the material allegations as contained in**
**Rhetorical Paragraph No. 26.**

27.  Officer Szweda failed to investigate the situation when he had a duty to do so.

**RESPONSE:  The defendants deny the material allegations as contained in**
**Rhetorical Paragraph No. 27.**

28.  Officer Szweda should have released Calobrace when presented with evidence
that Calobrace had paid his tab.

**RESPONSE:  The defendants deny the material allegations as contained in**
**Rhetorical Paragraph No. 28.**

29. By failing to investigate and ignoring the evidence presented by Calobrace, Officer Szweda failed to discover that he had no probable cause to hold Calobrace.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  29.**

30. In arresting Calobrace without probable cause, Officer Szweda committed false arrest and false imprisonment.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  30**.

31. By falsely arresting and falsely imprisoning Calobrace, Officer Szweda deprived Calobrace of his rights, giving rise to remedy under U.S.C. § 1983.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  31**.

<u>COUNT II– FALSE IMPRISONMENT/FALSE ARREST AND</u>

<u>VIOLATION OF 42 U.S.C. § 1983 RIGHTS</u>

<u>(OFFICER MEADOR)</u>

32. Calobrace hereby restates each allegation set forth in paragraphs 1 – 31 of this Complaint and reincorporates them fully by reference.

**RESPONSE:  The defendants admit that the plaintiff is restating and incorporating by reference each allegation set forth in paragraphs 1 – 31 and the defendants further incorporate by reference their answers to each allegation as contained in paragraphs 1 – 31.**

33. Officer Meador had a duty to investigate the situation upon his arrival, and failed to investigate the situation.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No. 33.**

34. By failing to investigate and ignoring the evidence presented by Calobrace, Officer Meador failed to discover that he had no probable cause to hold Calobrace.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  34.**

35. In arresting Calobrace without probable cause, Officer Meador committed false arrest and false imprisonment.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  35.**

36. By falsely arresting and falsely imprisoning Calobrace, Officer Meador deprived Calobrace of his rights, giving rise to remedy under U.S.C. § 1983.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  36.**

<u>COUNT III– FALSE IMPRISONMENT/FALSE ARREST AND</u>

<u>VIOLATION OF 42 U.S.C. § 1983 RIGHTS</u>

<u>(CITY AND POLICE DEPARTMENT)</u>

37. Calobrace hereby restates each allegation set forth in paragraphs 1 – 36 of this Complaint and reincorporates them fully by reference.

**RESPONSE:  The defendants admit that the plaintiff is restating and incorporating by reference each allegation set forth in paragraphs 1 – 36 and the defendants further incorporate by reference their answers to each allegation as contained in paragraphs 1 – 36.**

38. The Police Department and the City are responsible for Officer Szweda's and Officer Meador's actions, under theories of *respondeat superior* or negligent supervision.

**RESPONSE:  As the defendants do not fully understand this allegation as it is vague, ambiguous and overly-broad, the defendants deny the material allegations as contained in Rhetorical Paragraph No.  38.**

39. In holding Calobrace for over twelve (12) hours when there was no cause to do so, the City and the Police Department committed false arrest and false imprisonment.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  39.**

40. In forcing Calobrace to obtain bond in order to leave his imprisonment when there was no cause to do so, the City and Police Department materially damaged Calobrace.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No.  40.**

41. In forcing Calobrace to obtain an attorney to fight the false charges against him, the City and Police Department materially damaged Calobrace.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No. 41.**

42. By falsely arresting and falsely imprisoning Calobrace, the City and Police Department deprived Calobrace of his rights, giving rise to remedy under 42 U.S.C. §1983.

**RESPONSE:  The defendants deny the material allegations as contained in Rhetorical Paragraph No. 42.**

<u>COUNT IV – NEGLIGENCE (SZWEDA)</u>

43. Calobrace hereby restates each allegation set forth in paragraphs 1 – 42 of this Complaint and reincorporates them fully by reference.

**RESPONSE:  The defendants admit that the plaintiff is restating and incorporating by reference each allegation set forth in paragraphs 1 – 42 and the defendants further incorporate by reference their answers to each allegation as contained in paragraphs 1 – 42.**

44. Officer Szweda had a duty to fully investigate the situation before arresting Calobrace.

**RESPONSE:  As the defendants do not understand what the plaintiff means by "fully investigate," the defendants are without adequate information to admit or deny the material allegations as contained in Rhetorical Paragraph No. 44 sand thereby deny the material allegations as contained in Rhetorical Paragraph No. 44.**

45. Officer Szweda had a duty to fully investigate the situation *after* arresting Calobrace and establish probable cause or lack thereof.

**RESPONSE: As the defendants do not understand what the plaintiff means by "fully investigate," the defendants are without adequate information to admit or deny the material allegations as contained in Rhetorical Paragraph No. 45 and thereby deny the material allegations as contained in Rhetorical Paragraph No. 45.**

46. Officer Szweda breached his duty to investigate the situation both before and after arresting Calobrace, and therefore, caused Calobrace to be falsely arrested and imprisoned for twelve (12) hours, and damaged Calobrace.

**RESPONSE: The defendants deny the material allegations as contained in Rhetorical Paragraph No. 46.**

<u>COUNT IV – NEGLIGENCE (MEADOR)</u>

47. Calobrace hereby restates each allegation set forth in paragraphs 1 – 46 of this Complaint and reincorporates them fully by reference.

**RESPONSE: The defendants admit that the plaintiff is restating and incorporating by reference each allegation set forth in paragraphs 1 – 46 and the defendants further incorporate by reference their answers to each allegation as contained in paragraphs 1 – 46.**

48. Officer Meador had a duty to fully investigate the situation before arresting Calobrace.

**RESPONSE: As the defendants do not understand what the plaintiff means by "fully investigate," the defendants are without adequate information to admit or deny the material allegations as contained in Rhetorical Paragraph No. 48 sand**

**thereby deny the material allegations as contained in Rhetorical Paragraph No.**

**48.**

49. Officer Meador had a duty to fully investigate the situation *after* arresting

Calobrace and establish probable cause or lack thereof.

**RESPONSE:  As the defendants do not understand what the plaintiff means by**

**"fully investigate," the defendants are without adequate information to admit or**

**deny the material allegations as contained in Rhetorical Paragraph No. 49 and**

**thereby deny the material allegations as contained in Rhetorical Paragraph No.**

**49.**

50. Officer Meador breached his duty to investigate the situation both before and after

arresting Calobrace, and therefore, caused Calobrace to be falsely arrested and

imprisoned for twelve (12) hours, and damaged Calobrace.

**RESPONSE:  The defendants deny the material allegations as contained in**

**Rhetorical Paragraph No. 50.**

<u>COUNT VI- NEGLIGENCE (FRAME)</u>

51. Calobrace hereby restates each allegation set forth in paragraphs 1 – 50 of this

Complaint and reincorporates them fully by reference.

**RESPONSE:  The defendants admit that the plaintiff is restating and**

**incorporating by reference each allegation set forth in paragraphs 1 – 50 and the**

**defendants further incorporate by reference their answers to each allegation as**

**contained in paragraphs 1 – 50.**

52. Frame had a duty to inform Officer Szweda, Officer Meador, the City, and the

Police Department that Calobrace had indeed paid his tab that evening.

**RESPONSE: The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 52, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 52.**

53. Upon information and belief, Frame breached that duty when Frame informed both Officer Szweda and Officer Meador that Calobrace had not paid his bill.

**RESPONSE: The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 53, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 53.**

54. Due to Frame's breach of duty, Calobrace was taken into custody by Officer Szweda and Officer Meador and eventually imprisoned.

**RESPONSE: The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 54, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 54.**

<u>COUNT VII – RESPONDEAT SUPERIOR (BROTHERS)</u>

55. Calobrace hereby restates each allegation set forth in paragraphs 1 – 54 of this Complaint and reincorporates them fully by reference.

**RESPONSE: The defendants admit that the plaintiff is restating and incorporating by reference each allegation set forth in paragraphs 1 – 54 and the defendants further incorporate by reference their answers to each allegation as contained in paragraphs 1 – 54.**

56. Frame was acting within the scope of her employment when she informed Officer

   Szweda and Officer Meador that Calobrace had not paid his tab.

**RESPONSE:  The defendants are without significant knowledge to admit or**

**deny the material allegations as contained in Rhetorical Paragraph No. 56, and,**

**therefore, deny the material allegations as contained in Rhetorical Paragraph**

**No. 56.**

57. Therefore, Brothers is liable for Frame's breach and Calobrace's arrest under

*respondeat superior.*

**RESPONSE:  The defendants are without significant knowledge to admit or**

**deny the material allegations as contained in Rhetorical Paragraph No. 57, and,**

**therefore, deny the material allegations as contained in Rhetorical Paragraph**

**No. 57.**

COUNT VIII – NEGLIGENT SUPERVISION (BROTHERS)

58.  Calobrace hereby restates each allegation set forth in paragraphs 1 – 57 of this

Complaint and reincorporates them fully by reference.

**RESPONSE:  The defendants admit that the plaintiff is restating and**

**incorporating by reference each allegation set forth in paragraphs 1 – 57 and the**

**defendants further incorporate by reference their answers to each allegation as**

**contained in paragraphs 1 – 57.**

59.  Brothers has a duty to supervise and train its employees, including Frame, to

   properly execute payment Arrangements, and properly inform police officers of

   actions of it patrons.

**RESPONSE:  The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 58, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 58.**

60. In failing to supervise and train Frame to execute payment arrangements and correctly inform police officers, Brothers breached that duty.

**RESPONSE:  The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 60, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 60.**

61. Because Brothers breached that duty, Frame lied to or misled Officer Szweda and Officer Meador about the status of Calobrace's payment.

**RESPONSE:  The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 61, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 61.**

62. Therefore, due to that breach, Calobrace was taken into custody, falsely arrested, and falsely imprisoned.

**RESPONSE:  The defendants are without significant knowledge to admit or deny the material allegations as contained in Rhetorical Paragraph No. 62, and, therefore, deny the material allegations as contained in Rhetorical Paragraph No. 62.**

63. Therefore, Brothers is liable to Calobrace for damages arising out of his false
arrest and imprisonment.

**RESPONSE:  The defendants are without significant knowledge to admit or
deny the material allegations as contained in Rhetorical Paragraph No. 63, and,
therefore, deny the material allegations as contained in Rhetorical Paragraph
No. 63.**

WHEREFORE, the defendants, City of South Bend, City of South Bend Police
Department, Mark Szweda and Brian Meador, respectfully request that this court
enter a judgment in their favor and against the plaintiff so that the plaintiff does not
take anything by way of his complaint and for all other just and equitable relief in the
premises.

## AFFIRMATIVE DEFENSES

The defendants, City of South Bend, City of South Bend Police Department,
Mark Szweda and Brian Meador, file their affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff brings any state tort claims against the defendants those
claims are barred pursuant to I.C. § 34-13-3-1, *et seq*.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff brings any state tort claims, the defendants are immune
from liability to Plaintiff pursuant to I.C. § 34-13-3-1, *et. seq*.

### FOURTH AFFIRMATIVE DEFENSE

Subject to discovery, the defendants did not proximately cause Plaintiff's damages and injuries, if any be found to exist.

### FIFTH AFFIRMATIVE DEFENSE

The defendants hereby reserves any and all rights he may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent with regard to his own safety and well-being, which carelessness and negligence proximately caused and/or contributed to the injuries and/or damages alleged.

### SEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages about which Plaintiff complains were the proximate result of the risk voluntarily incurred or assumed by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

The defendants breached no duty owed to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

The defendants are not liable because he has qualified immunity based on the facts and the law.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to Indiana Code, I.C. §34-52-1-1, the plaintiff's claims are frivolous, groundless or unreasonable and continuing litigating said issues will continue to be frivolous, groundless or unreasonable and the defendants are entitled to have the plaintiff pay for their attorney's fees for filing or continuing this litigation.

Respectfully submitted,


  s/Jeffrey L. Sanford
Jeffrey L. Sanford, Atty. No. 14111-71
Deputy City Attorney
227 W. Jefferson Boulevard, Suite 1400
South Bend, Indiana 46601
574.235.9241
Attorney for City of South Bend, City of South
Bend Police Department, Officer Mark Szweda,
Officer Brian Meador

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Jonathan A. Watson, 224 W. Jefferson Blvd., Suite 400, South Bend, Indiana, 46601, by depositing same in United States mail, postage prepaid this ____ day of October, 2012.

          s/Jeffrey L. Sanford
             Jeffrey L. Sanford